**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ALEXANDER OTTENSOSER,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN OFFICE OF FRATERNITY & SORORITY LIFE, UNIVERSITY OF MICHIGAN INTERFRATERNITY COUNCIL, THE DELTA CHI FRATERNITY, INC., JOHN DOE MEMBERS 1-10, PROPERTY MANAGEMENT SPECIALISTS, INC., JOHN DOE LESSORS 1-12, JOHN DOE BEVERAGE PURCHASER, LUXCO, INC., MGP INGREDIENTS, INC., JOHN DOE BOTTLE MANUFACTURER, JOHN DOE BEVERAGE RETAILER, and JOHN DOE FLAG BURNERS 1 & 2,<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

Defendants Luxco, Inc. ("Luxco") and MGP Ingredients, Inc. ("MGP")[1] (collectively referred to herein as "Removing Defendants"), through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Federal Rule of Civil Procedure 81(c), hereby remove the state court action styled as *Alexander Ottensoser v. University of Michigan, et al.*, Case No. 26-002328-NO, filed in the Circuit Court for the County of Washtenaw, Michigan (the "State Court Action"), to the United States District Court for the Eastern District of Michigan.[2]

---

[1] As of November 2, 2026, Luxco is now known as Sempreon Branded Spirits Inc. and MGP is now known as Sempreon, Inc.

[2] By removing this action to this Court, the Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. The Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of failure to state a claim upon which relief can be

Removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1): Plaintiff is a citizen of New York, no defendant is a citizen of New York, and the amount in controversy plainly exceeds $75,000. The forum defendant rule, 28 U.S.C. § 1441(b)(2), does not bar removal because it applies only where a forum-state defendant has been "properly joined and served," and no defendant has been served in this action. The Sixth Circuit has expressly held that "[w]here there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (emphasis in original).

In support of removal, Removing Defendants state as follows:

1. On November 3, 2026,[3] Plaintiff Alexander Ottensoser filed the State Court Action in the Circuit Court for the County of Washtenaw, Michigan, Case No. 26-002328-NO. *See* Ex. 1, Compl.

2. The Complaint asserts claims for negligence, negligence per se, gross negligence, premises liability, product liability, and breach of implied warranty arising from an October 4, 2025 incident at a tailgate and house party at 814 E. University Avenue, Ann Arbor, Michigan, during which Plaintiff alleges he was burned when Everclear was used to ignite a University of Wisconsin flag. Compl. ¶¶ 1-5.

3. The Complaint names as defendants the University of Michigan (the "University"); the University of Michigan Office of Fraternity & Sorority Life ("UMFSL"); the University of Michigan Interfraternity Council ("UMIFC"); The Delta Chi Fraternity, Inc. ("Delta Chi");

granted, lack of personal jurisdiction, improper venue, the doctrine of forum non conveniens, or any other applicable grounds.

[3] The signature block on the Complaint notes that it was filed on November 3, 2026 but the court-stamped version of the Complaint notes that it was filed on November 5, 2026. The date of filing is immaterial for purposes of this Notice of Removal.

Property Management Specialists, Inc. ("PMS"); Luxco; MGP; and numerous fictitiously named "John Doe" defendants. Compl. at 1.

4. No defendant, including the Removing Defendants, has been served with the Summons and Complaint.

**<u>This Court has Subject Matter Jurisdiction</u>**

5. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has original jurisdiction over this action as set forth in 28 U.S.C. § 1332(a)(1). Complete diversity of jurisdiction exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction "may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. This action is removed on the basis of diversity jurisdiction.

**<u>Complete Diversity of Citizenship Exists</u>**

7. The Complaint does not allege Plaintiff's citizenship. Upon information and belief, Plaintiff is a citizen of the State of New York. For diversity purposes, an individual's citizenship is determined by domicile, and a "previous domicile is not lost until a new one is acquired." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Establishment of a new domicile requires both "residence in the new domicile, and the intention to remain there." *Id.*

8. The Complaint alleges that Plaintiff was "a student at the University of Michigan" and a "resident of Washtenaw County, Michigan." Compl. ¶ 13. But the Complaint does not allege

that Plaintiff is a citizen of, or domiciled in, Michigan, and residence for the purpose of attending college does not establish citizenship. "The attendance by a citizen of one state of school in other [another] state does not render per se, although it may, the student a citizen of the latter state for jurisdictional purposes." *Campbell v. Oliva*, 295 F. Supp. 616, 618 (E.D. Tenn. 1968). In *Campbell*, the court held that the plaintiff retained her prior citizenship even though she lived in Tennessee, because she was "residing in Tennessee for the mere temporary and special purpose of pursuing [her] . . . higher education[] . . . with a[n] . . . intention . . . to return to New York upon the completion of these temporary and special purposes." *Id.* (footnote omitted); *see also Sires v. Fitts*, 2020 WL 5366841, at *3 (N.D. Ohio Sept. 8, 2020) ("Defendant Fitts is domiciled in California. Although she attends school in Ohio, she returns home to her family in California. And there is no evidence suggesting Fitts intended to abandon her California domicile to establish a new domicile elsewhere." (Footnotes omitted.)).

9. Upon information and belief, Plaintiff is domiciled in New York. Plaintiff attended Ramaz High School in New York City until June 2024 and enrolled at the University of Michigan in 2025. *See* Ex. 2 (Plaintiff's LinkedIn profile). In June and July 2026, Plaintiff's professional biography on LinkedIn reflects that he worked at Kushner, a real estate development and management firm located at 767 Fifth Avenue, New York, New York, indicating that he returned home to New York during his summer break. *Id.*

10. Plaintiff is also registered to vote in the State of New York. *See* Ex. 3 (New York voter registration record). Plaintiff's registration to vote in New York reflects his intent to remain domiciled in New York notwithstanding his temporary presence in Michigan to attend school.

11. Plaintiff's temporary presence in Michigan to attend the University of Michigan therefore did not change his New York domicile, and Plaintiff is a citizen of New York for purposes of 28 U.S.C. § 1332.

12. Defendant Luxco, Inc. is incorporated in the State of Missouri with its principal place of business in Missouri, and therefore is a citizen of the State of Missouri for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

13. Defendant MGP Ingredients, Inc. is incorporated in the State of Kansas with its principal place of business in Kansas, and therefore is a citizen of the State of Kansas for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14. Upon information and belief, Defendant University of Michigan is a constitutional corporation and public university in the State of Michigan with its primary campus in Washtenaw County, Michigan. *See* Compl. ¶ 8.

15. Upon information and belief, Defendant UMFSL is part of the University of Michigan and has its principal place of business in Ann Arbor, Washtenaw County, Michigan. *See* Compl. ¶ 9.

16. Upon information and belief, Defendant UMIFC is part of the University of Michigan and has its principal place of business in Ann Arbor, Washtenaw County, Michigan. *See* Compl. ¶ 10.

17. Upon information and belief, Defendant PMS is a Michigan corporation with its principal place of business at 117 N. Division, Ann Arbor, Michigan, and therefore is a citizen of the State of Michigan for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

18. Upon information and belief, Defendant Delta Chi is a nonprofit corporation incorporated in the State of Indiana with its principal place of business at 3845 N. Meridian Street,

Indianapolis, Indiana, and therefore is a citizen of the State of Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

19. None of the named defendants is alleged to be, and upon information and belief none is, a citizen of the State of New York.

20. The Complaint also names numerous fictitiously named "John Doe" defendants, but the presence of Doe defendants does not affect the diversity analysis. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (noting that complete diversity of citizenship existed at the time of removal despite there being several Doe defendants with unknown citizenship).

21. Because Plaintiff is a citizen of New York and no defendant is a citizen of New York, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a)(1). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (complete diversity exists between "all named plaintiffs and all named defendants"). Plaintiff's assertion that there is "incomplete diversity of citizenship due to the inclusion of Michigan resident defendants," Compl. ¶ 25, is therefore incorrect. The Michigan citizenship of certain defendants implicates, at most, the forum defendant rule, 28 U.S.C. § 1441(b)(2), which does not bar removal here because no forum defendant has been properly joined and served. *See infra*.

22. The presence of the University of Michigan, UMFSL, and UMIFC as defendants does not defeat diversity jurisdiction because Plaintiff alleges that the University, UMFSL, and UMIFC were engaged in "proprietary functions" in connection with the incident that is the subject of Plaintiff's claims. Under Michigan law, a governmental agency is immune from tort liability

only when it "is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1)); *Jones v. Muskegon Cnty.*, 625 F.3d 935, 947 (6th Cir. 2010). That immunity "shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function," which is "any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees." MCL 691.1413. The allegations in Plaintiff's Complaint place the conduct at issue squarely within that exception.

23. Plaintiff alleges that the University's management of fraternities is "inexorably intertwined with profit-generating university functions," that the University "financially benefitted" from fraternity chapter dues, event fees, and housing, and that the alleged negligence in connection with the game-day tailgate "arose from activities conducted primarily for the purpose of producing a pecuniary profit and not normally supported by taxes and fees." Compl. ¶¶ 12, 102. The University, UMFSL, and UMIFC therefore should be treated as citizens of Michigan for purposes of diversity, rather than as an arm of the State, and their presence does not destroy complete diversity.

24. Alternatively, to the extent the University, UMFSL, and UMIFC were not engaged in a "proprietary function" and therefore are characterized as "arms of the State" entitled to governmental immunity, they have been improperly joined and their presence likewise does not defeat diversity jurisdiction.[4] But the question can be resolved in only one of two ways, and either way this Court has jurisdiction. If, as Plaintiff alleges, these defendants were engaged in a proprietary function and are not immune, they are citizens of Michigan and complete diversity exists. If instead they are immune as arms of the State, then Plaintiff has no colorable basis to

[4] The Removing Defendants take no position at this time on whether governmental immunity applies to Plaintiff's claims against these defendants.

recover against them and they have been improperly joined. *See Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406-07 (6th Cir. 2007) (explaining fraudulent joinder occurs when "it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law" (quotations and citation omitted)).

25. Where a non-diverse defendant has been improperly joined, the court may exercise jurisdiction over the case, but must dismiss that defendant from the action and lacks the power to resolve the merits of the claims against it. *See Cline v. Dart Transit Co.*, No. 21-3468, 2023 WL 3003190, at *3 (6th Cir. Apr. 19, 2023); *Pollington v. G4S Secure Sols. (USA) Inc.*, 712 F. App'x 566, 566 (6th Cir. 2018); *Probus*, 234 F. App'x at 406-07. Accordingly, if the University of Michigan, UMFSL, and UMIFC are immune, their presence does not defeat diversity, and the proper course is to dismiss them while this Court retains jurisdiction over the remaining claims.

26. As a further alternative, the University of Michigan, UMFSL, and UMIFC have been improperly joined because, to the extent they are arms of the State, Plaintiff's claims against them must be brought in the Michigan Court of Claims rather than in the Washtenaw Circuit Court. The Court of Claims has exclusive original jurisdiction over claims against the State. *See* MCL 600.6419. Where a plaintiff also has claims against private parties arising from the same facts, the plaintiff may sue those private parties separately in circuit court, and the statute provides a process through which the two actions may be consolidated in the circuit court if all parties agree. *See* MCL 600.6421(3). Plaintiff acknowledges that claims against these defendants, as subdivisions of the State, must be filed in the Court of Claims, and Plaintiff allegedly filed notice of his claims in the Court of Claims on March 9, 2026. Compl. ¶¶ 8-11. Plaintiff nonetheless invoked MCL 600.6421(3) to sue all defendants together in the Circuit Court for the County of Washtenaw in the first instance. *Id.* ¶¶ 8-10, 24. That approach does not appear to follow the statutory process,

which contemplates consolidation of separately filed actions upon the agreement of all parties. Joining the University of Michigan, UMFSL, and UMIFC in this manner, before any consolidation and without the consent of all parties, should not be permitted.

27. The Court of Claims' jurisdiction over claims against the State is exclusive. That exclusive jurisdiction extends to "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies." *Todd v. Dep't of Corr.*, 232 Mich. App. 623, 628 (1998) (quoting *Lowery v. Dep't of Corr.*, 146 Mich. App. 342, 347 (1985)); *see* MCL 600.6419(1)(a).

28. Based on Plaintiff's pleading, Plaintiff cannot maintain claims against them in the Circuit Court for the County of Washtenaw, there is no colorable basis for recovery against them in this action, and they have been improperly joined. *See Probus*, 234 F. App'x at 406-07. As such, this Court should dismiss the University of Michigan, UMFSL, and UMIFC and retain jurisdiction over the remaining claims. *See Pollington*, 712 F. App'x at 566.

**<u>The Amount-In-Controversy Requirement is Satisfied</u>**

29. Pursuant to 28 U.S.C. § 1332(a), the amount-in-controversy requirement for diversity jurisdiction is satisfied if the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

30. The Complaint alleges that Plaintiff sustained "approximately 21–25% TBSA partial- and full-thickness flame burns involving his face, neck, ears, chest/upper torso, abdomen, bilateral upper extremities, and posterior right arm," and that he "was hospitalized and received acute medical care in a burn unit from October 4 through October 20, 2025." Compl. ¶ 3. His treatment allegedly included "serial debridement, feeding-tube support, and split-thickness autografting," and he "continues to experience symptomatic hypertrophic scarring, pain, pruritus,

and functional restrictions" requiring compression garments, scar care, and laser and steroid treatment. *Id.* Plaintiff alleges "severe and permanent injuries" and seeks damages for bodily injury, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, hospitalization, medical, and nursing expenses, and lost wages. *Id.* ¶¶ 96, 108.

31. A removing defendant need not "'prov[e], to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Rather, the requirement is satisfied where a "fair reading" of the complaint shows that more than $75,000 is in controversy. *Id.* at 573; *see also id.* at 571 (defendant "properly relied on the extensive relief sought by Plaintiffs in their original complaint when meeting its burden to show, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction had been met"). In cases involving serious bodily injury, courts apply "common sense" to determine whether the threshold is met. *Najj v. Lincoln*, 665 F. App'x 397, 401 n.2 (6th Cir. 2016) (quoting Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010)).

32. A fair reading of the Complaint, which alleges severe, permanent burn injuries over roughly a quarter of Plaintiff's body, more than two weeks of burn-unit hospitalization, skin grafting, and continuing treatment, makes plain that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the amount-in-controversy requirement is satisfied.

**The Forum Defendant Rule Does Not Bar Removal Because No Defendant Has Been Properly Joined and Served**

33. Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action

is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Because no defendant—forum or non-forum—has been properly joined and served, § 1441(b)(2) does not bar removal.

34. Section 1441(b)(2) does not prohibit removal whenever a forum defendant is named in the complaint; it prohibits removal only if a forum defendant has been "properly joined and served." Where, as here, no forum defendant has been served, the condition that triggers the rule has not occurred. *See Linder v. Medtronic, Inc.*, No. 13-2346-STA-CGC, 2013 WL 5486770, at *2 (W.D. Tenn. Sept. 30, 2013) ("[T]here is nothing in the removal statute that precludes Medtronic from filing a notice of removal prior to Plaintiff effecting service of process upon it. Service of process is not a prerequisite to a defendant exercising its right of removal.").

35. Nor does the statute require that at least one defendant be served before any defendant may remove. Section 1441(b)(2) does not condition removal on service of some defendant; it identifies a single circumstance—service of a forum defendant—in which removal is barred. And Congress expressly contemplated removal by defendants who receive the complaint by means other than formal service, providing that a notice of removal shall be filed within thirty days "after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1) (emphasis added). When no defendant has been served, the statutory bar is simply absent.

36. The Second Circuit has squarely upheld removal in this posture. In *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019), the defendants removed the cases to federal court before any defendant had been served, and the Second Circuit affirmed the denial of remand, holding that removal was proper under the plain text of § 1441(b)(2). *Id.* at 702, 704–07. And the Third Circuit has permitted snap removal in a single-defendant case, *i.e.* no defendant was served

prior to removal. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151-54 (3d Cir. 2018).

37. Courts within this Circuit applying the plain language approach have likewise recognized that "reading § 1441(b)(2) to permit snap removal respects the statute's plain meaning and does not lead to an absurd result." *Lifepoint Corp. Servs. Gen. P'ship v. Wellcare Health Ins. Co. of Ky., Inc.*, No. 3:22-cv-00029-GFVT, 2023 WL 2388551, at *5 (E.D. Ky. Mar. 7, 2023). As the *Lifepoint* court explained, "[t]he unambiguous statutory text permits snap removal and allowing it does not lead to an absurd result. " *Id.* at 6.

38. The Sixth Circuit was the first Court of Appeals to address snap removal, and it approved the practice. In *McCall*, one of the consolidated derivative actions had been filed in Florida state court, removed to federal court, and transferred to the Middle District of Tennessee. 239 F.3d at 813 n.1. On appeal, the plaintiff challenged that removal. The Sixth Circuit found that the plaintiff had waived the challenge and, independently, rejected it on the merits: "Moreover, LSERS's challenge to the removal is without merit. Where there is complete diversity of citizenship, as LSERS concedes there was, the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *Id.* at 813 n.2 (emphasis in original) (citing *Wensil v. E.I. DuPont De Nemours & Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991)).

39. Additionally, district courts within this Circuit have relied on *McCall* to deny remand following snap removals. *See, e.g.*, *Revere v. MERS*, No. 10-10580, 2010 WL 1541506, at *2 (E.D. Mich. Apr. 19, 2010) (denying motion for remand where forum defendants were not yet served, citing *McCall*); *Lifepoint*, 2023 WL 2388551, at *5-6; *Britt v. Newburn*, No. 2:23-cv-02431-SHM-tmp, 2023 WL 11987088, at *3-4 (W.D. Tenn. Oct. 10, 2023); *Kibodeaux v.*

*Gillespie*, No. 2:18-cv-02613-SHL-cgc, 2018 WL 11348051, at *1-2 (W.D. Tenn. Dec. 5, 2018); *Linder*, 2013 WL 5486770, at *2.

40. Finally, *McCall* is consistent with the decisions of at least three other Court of Appeals to have addressed snap removal. *See Gibbons*, 919 F.3d at 704-7 (2d Cir.); *Encompass Ins. Co.*, 902 F.3d at 151-53 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020). Each of these courts held that the plain language of § 1441(b)(2) controls and permits removal before a forum defendant has been properly joined and served.

41. Of particular relevance, the Second Circuit in *Gibbons* upheld snap removal where none of the defendants had not been served at the time of removal. 919 F.3d at 702, 704-07. Because this case presents the same posture where no defendant, forum or otherwise, has been served, § 1441(b)(2) presents no bar to removal.

**<u>The Other Requirements for Removal have been Satisfied</u>**

42. In addition to satisfying the requirements of diversity jurisdiction, Removing Defendants have satisfied all other requirements for removal.

43. The Complaint was filed on November 3, 2026.[5] No defendant, including the Removing Defendants, has been served. This Notice of Removal is therefore timely. *See* 28 U.S.C. § 1446(b)(1).

44. The Circuit Court for the County of Washtenaw is located within the Southern Division of the Eastern District of Michigan. *See* 28 U.S.C. § 1441(a).

45. No previous application has been made for the relief requested herein.

[5] *See* fn. 3 supra regarding the filing date discrepancy.

46. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached collectively as Exhibit 1.

47. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit Court for the County of Washtenaw.

WHEREFORE, the Removing Defendants respectfully remove this action from the Circuit Court for the County of Washtenaw, Michigan to this Honorable Court.

Date: November 9, 2026

Respectfully submitted,

By: */s/ Patrick Navin*

Patrick Navin, Bar No. P87273
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
(502)-589-4200
patrick.navin@dentons.com

Chad W. Higgins (application for admission to be filed)
Samantha Peters (application for admission to be filed)
Joseph E. Long (application for admission to be filed)
DENTONS BINGHAM GREENEBAUM LLP
One City Center, Suite 11100
Portland, Maine 04101
(207) 810-4955
chad.higgins@dentons.com
samantha.peters@dentons.com
joseph.long@dentons.com

Carl J. Pesce (application for admission to be filed)
Benjamin S. Harner (application for admission to be filed)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
cpesce@thompsoncoburn.com
bharner@thompsoncoburn.com

*Counsel for Defendants Sempreon Branded Spirits Inc. (formerly known as Luxco, Inc.) and Sempreon, Inc. (formerly known as MGP Ingredients, Inc.).*

**CERTIFICATE OF SERVICE**

I, Chad W. Higgins, hereby certify that this document filed through the ECF system on November 9, 2026 will be served upon counsel for all parties via electronic mail and First Class Mail as follows:

| | |
|---|---|
| Daniel I. Jedell<br>Morgan & Morgan<br>150 W. Jefferson Ave., Suite 1400<br>Detroit, MI 48226<br>(313) 241-5432<br>daniel.jedell@forthepeople.com<br><br>J. Ryan Will<br>Morgan & Morgan<br>444 Seabreeze Boulevard, Suite 100<br>Daytona Beach, FL 32118<br>(386) 281-6790<br>rwill@forthepeople.com<br><br>*Counsel for Plaintiff* | University of Michigan<br>Ruthven Building<br>1109 Geddes Avenue, Suite 2300<br>Ann Arbor, MI 48109-1079<br>ovpgc@umich.edu<br><br>University of Michigan Office of Fraternity & Sorority Life<br>Ruthven Building<br>1109 Geddes Avenue, Suite 2300<br>Ann Arbor, MI 48109-1079<br>ovpgc@umich.edu<br><br>University of Michigan Interfraternity Council<br>Ruthven Building<br>1109 Geddes Avenue, Suite 2300<br>Ann Arbor, MI 48109-1079<br>ovpgc@umich.edu<br><br>The Delta Chi Fraternity, Inc.<br>c/o Raymond Karl Grindel<br>3845 N Meridian Street<br>Indianapolis, Indiana 46208<br>(317) 747-1890<br>headquarters@deltachi.org<br><br>Property Management Specialists, Inc.<br>c/o Douglas A. Milkey<br>117 N. Division<br>Ann Arbor, MI 48104<br>(734) 665-5552<br>pmsi@pmsiproperties.com |

*/s/ Chad W. Higgins*